UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================
NATHAN BORNSTEIN individually and
on behalf of all others similarly situated

                      Plaintiff,

      -against-

J.C. CHRISTENSEN & ASSOCIATES, INC.

                      Defendant.

=====================================

**CLASS ACTION COMPLAINT**

*Introduction*

1)     Plaintiff Nathan Bornstein files this Complaint seeking redress for the illegal practices of J.C. Christensen & Associates, Inc., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2)     Plaintiff is a citizen of the State of New York who resides within this District.

3)     Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

-1-

4) The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5) Upon information and belief, Defendant's principal place of business is located within Sartell, Minnesota.

6) Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7) Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8) This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### *Allegations Particular to Nathan Bornstein*

10) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11) On or about December 17, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12) Said letter stated: "**To resolve your debt online, please visit us at www.JCCSecurePay.com. Most payment options are free with no transaction charges.**"

13) The notification and implication that some payment options on the

Defendant's website do in fact come with a transaction fee is unlawful.[1]

14) Section 1692f(1) of the FDCPA prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15) Such a transaction fee was neither expressly authorized by an agreement between the Defendant and or the creditor, and the Plaintiff, nor permitted by law.

16) Such a transaction fee is prohibited in violation of 15 U.S.C. § 1692f(1).

17) Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

18) Section 1692e(2)(A) of the FDCPA prohibits the false representation of the character, amount, or legal status of any debt.

19) Section 1692e(2)(B) of the FDCPA prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

20) Section 1692g(a)(1) of the FDCPA states that the Defendant must, within five days after the initial communication, send the consumer a written notice regarding the amount of the debt.

---

[1] See e. g. *Campbell v. MBI Assocs., Inc.*, 2015 U.S. Dist. LEXIS 44811 (E.D.N.Y. Mar. 31, 2015); *Acosta v. Credit Bureau*, 2015 U.S. Dist. LEXIS 55870 (N.D. Ill. Apr. 29, 2015); *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language ''You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''); *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.); *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

21) The unsophisticated consumer would be left uncertain as to whether or not the Defendant would charge Plaintiff a transaction fee.

22) The Defendant's letter leads the unsophisticated consumer to believe that Defendant was legally entitled to collect such a fee.

23) Defendant's attempt to collect a transaction fee from the Plaintiff was improper and deceitful.

24) On information and belief, the Defendant attempts to collect such transaction fees from hundreds of consumers within the State of New York.

25) Defendant's transaction fee demand violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment via a transaction fee, or by collecting an amount that was not authorized by contract or permitted by law and for failing to accurately state the amount of the debt in its initial communication with the Plaintiff.

26) Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## *CLASS ALLEGATIONS*

27) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28) The identities of all class members are readily ascertainable from the records of J.C. Christensen & Associates, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

29) Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of J.C. Christensen & Associates, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

30) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

31) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

32) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

33) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

34) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

35) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36) Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

37) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

38) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39) This cause of action is brought on behalf of Plaintiff and the members of a class.

40) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about December 17, 2014, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment via a transaction fee, or by collecting an amount

that was not authorized by contract or permitted by law and for failing to accurately state the amount of the debt in its initial communication with the Plaintiff.

### *Violations of the Fair Debt Collection Practices Act*

41) The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42) The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

43) As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

      Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
     December 14, 2015

          /s/ David Palace_____
          **Law Offices of David Palace** (DP 3855)
          383 Kingston Ave. #113
          Brooklyn, New York 11213
          Telephone: 347-651-1077
          Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

          /s/ David Palace_____
          David Palace esq. (DP 3855)

**JCC** J.C. Christensen & Associates, Inc.
P.O. BOX 519, SAUK RAPIDS, MN 56379

TOLL FREE#: 866-734-8319
Incoming Calls Answered: Mon-Tues - 8am-8pm, Wed - 8am-6pm
Thur-Fri - 8am-7pm, Sat - 8am-12pm
www.JCCSecurePay.com

JCC File #: [Redacted]517
Original Account Number: XXXXXXXXXXXX8294
Original Creditor: Credit One Bank N.A.
Current Creditor: LVNV Funding LLC
Merchant:
**Total Due: $352.50**

12/17/14

Last Payment Date 03/27/2014

## NOTICE OF COLLECTION AND SPECIAL OFFER

Dear **Nathan Bornstein,**

Your Credit One Bank N.A. account has been placed with us for collections. Our services have been contracted to represent in the recovery efforts of your delinquent account. Our records indicate that the outstanding balance on your account is $352.50.

In an effort to resolve this matter as quickly as possible we have been authorized to negotiate GENEROUS SETTLEMENT TERMS on this account. Please review the following settlement opportunities to make voluntary resolution of your account a reality:

1. **Settle your account now for a lump-sum payment of $246.75. That is a savings of 30% on your outstanding account balance.**
2. **Extend your time and settle your account in 3 monthly payments of $94.00. This is a savings of $70.50 on your outstanding account balance.**
3. **Further extend your time and settle your account in 6 monthly payments of $52.88. This option saves you 10% and further extends your settlement payment term to 6 months.**

**To resolve your debt online, please visit us at www.JCCSecurePay.com.** Most payment options are free with no transaction charges.

*Note: Because of this aggressive savings offer, you often must be able to secure the entire settlement amount in post-dated checks (Except MA), checks by phone or debit/credit card.*

Please recognize that interest may be accruing on your account. If applicable, we will receive and apply balance adjustments as interest accrues.

To take advantage of this opportunity to settle your account, call Kevin Fields at **866-734-8319**. As long as you haven't made other arrangements to repay this debt, you may be eligible for this offer. This offer is valid for 40 days from the date of this letter. If you wish to make a payment proposal after that time, please call us to discuss it. We are not obligated to renew this offer. The opportunities listed above do not alter or amend your validation rights as contained in this document.

Please be aware that if the amount of debt forgiven as a result of settlement is equal to or greater than $600.00, your current creditor may be required by Internal Revenue Code Section 6050P to report the forgiven debt to the IRS and issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended you consult with a certified public accountant or other tax professional.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
**CUSTOMER SERVICE AND PAYMENT INFORMATION**
**MOST PAYMENT OPTIONS ARE FREE WITH NO TRANSACTION CHARGES**



**Pay your bill online!**
Visit us at
**www.JCCSecurePay.com**

**TOLL FREE PHONE AND HOURS:**
**866-734-8319**
Mon-Tues - 8am-8pm, Wed - 8am-6pm
Thur-Fri - 8am-7pm, Sat - 8am-12pm

**SEND MAIL AND/OR PAYMENT TO:**
J.C. Christensen and Associates, Inc.
PO Box 519
Sauk Rapids, MN 56379

---

Please detach and return with payment in the enclosed envelope.

PO Box 1952
Southgate, MI 48195-0952

12/17/14

ARAY/R1N7   224132003704   458/0000214/0004

Nathan Bornstein
3833 Laurel Ave
Brooklyn, NY 11224-1309

I authorize the following amount to be charged to my credit card shown.    ☐   ☐   ☐   ☐
Cardholder name: _____ Exp. Date: _____
Account #: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
Amount $: _____ Signature: _____
File Number: [Redacted]517   Balance Due: $352.50
Original Account #: XXXXXXXXXXXX8294

**PLEASE SEND ALL CORRESPONDENCE TO:**

J.C. CHRISTENSEN & ASSOCIATES, INC.
P.O. BOX 519
SAUK RAPIDS, MN 56379

Toll Free#: 866-734-8319
www.JCCSecurePay.com

R1N7